# IN THE COURT OF APPEALS OF IOWA

No. 13-0471
Filed August 27, 2014

**HUMBERTO PELAES,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

 Humberto Pelaes appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

 Michael J. Piper of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

 Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John P. Sarcone, County Attorney, and Jeffrey Noble, Assistant County Attorney, for appellee.

 Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Humberto Pelaes appeals the dismissal of his second application for postconviction relief (PCR). He contends his second PCR counsel was ineffective in failing to argue and present evidence of the inaccuracy of the Spanish version of the form he signed to waive his *Miranda* rights. He also contends counsel was ineffective by acknowledging he presented false evidence in his affidavit regarding the Spanish version of the form.

In dismissing Pelaes's second PCR application, the district court found Pelaes had acknowledged, through counsel, that he presented false evidence in his affidavit. *See* Iowa Code § 610A.2(1)(c) (2011) (stating the court may dismiss a PCR action if the inmate has knowingly presented false testimony or evidence). The court also dismissed the application under Iowa Code section 822.8, which bars all claims not brought in the original PCR action unless there is sufficient reason for not asserting the claim in the earlier action. Because Pelaes does not challenge the finding he provided insufficient reason for failing to raise the issue in the first PCR action, we affirm. *See* Iowa R. App. P. 6.903(2)(g) (providing failure to cite authority in support of an issue may be deemed waiver of that issue); *State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012) (noting we may affirm the district court upon any ground raised that would properly support the ruling).

**AFFIRMED.**